AMERICAN TRUST CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15179. Promulgated October 14, 1930.

*Julius C. Smith, Esq.*, and *J. L. Elliott, C. P. A.*, for the petitioner. *Bruce A. Low, Esq.*, for the respondent.

OPINION.

SEAWELL: The only issue raised by the pleadings and not waived by the petitioner at the hearing is the bad debt issue, which relates to the worthlessness in 1920 of three of four notes of $5,000 each, held by petitioner against the same debtor.

The petitioner insists that it is entitled to a deduction in its 1920 tax return of $15,000, the amount of three $5,000 notes, Nos. 4761, 4762, and 4763, purchased by it in 1920, and alleged to have been ascertained ." worthless " in that year and so charged off.

The evidence relative to the ascertainment in 1920 of the worthlessness of the three notes, Nos. 4761, 4762, and 4763, each for $5,000, charged off in that year, is not in our opinion sufficient to justify such " charge-off."

The evidence that the debtor of petitioner went into the hands of a receiver in August, 1920, is not in itself sufficient evidence to establish the worthlessness of said notes.

Bankruptcy or insolvency in itself is not, as this Board has heretofore held, sufficient to establish that a debt became worthless. *P. H. Gill & Sons Forge & Machine Works*, 7 B. T. A. 1146; *H. B. Moore*, 8 B. T. A. 749.

The witness for petitioner stated that "every effort possible" was made to collect the notes and "our investigation disclosed that we would not recover anything." The witness himself apparently made no personal investigation, his statements being in the nature of conclusions based on information furnished by others. He did not state what particular acts were done or efforts were made to collect said notes. The Board is entitled to full information upon which conclusions are based and the question of the worthlessness of the debts is for the determination of the Board. We held in *Higginbotham-Bailey-Logan Co.*, 8 B. T. A. 566:

The burden then is upon the petitioner to establish that it did make certain during the taxable year that the debts claimed as deductions were without value. We take it for granted that when Congress authorizes this Board to decide the issues arising between a taxpayer and the Commissioner in such a case as this, such taxpayer has not established the correctness of his contention by his bald statement that he believed it to be worthless, or that he ascertained it to be worthless or that, on undisclosed information he came to the conclusion that it was worthless. To so hold would be to put the Government in the hands of the taxpayer and substitute his judgment as to the conclusion to be drawn from the facts for that of the body created to decide the issue.

Nor is it a question whether the taxpayer believed the debt to be worthless. To so hold would be to grant an undue advantage to the pessimist or to the taxpayer who made no investigation. In our opinion the burden upon the petitioner is to show what steps he took to collect the debt, what information came to his knowledge and what other circumstances existed which led him to his conclusion. It then becomes the duty of the Board to determine whether the debt was in fact ascertained to be worthless within the meaning of the law. *Appeal of Alemite Die Casting & Manufacturing Co.*, 1 B. T. A. 548.

As a possible further reason for disallowing the "charge-off" it is not certain that any proper basis for the amount of such "charge-off" has been given us in the evidence. This point, however, is not here discussed, for the reason that we prefer to put the decision on the ground first mentioned above.

In the circumstances of the instant case, we are of the opinion that the respondent's determination of deficiency in tax for 1920 is correct.

*Judgment will be entered for the respondent.*